UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT DELAPLAINE,

      Plaintiff,

v.

UNITED AIRLINES, INC.

      Defendant.

No. C06-0989Z

ORDER

THIS MATTER came before the Court on the parties' cross-motions for partial summary judgment. The Court heard argument and orally ruled on the pending motions. Minutes of Sep. 21, 2007 (docket no. 68). The Court issues this Order to provide further explanation of its decision concerning the definition of disability to be applied in this case.

**Background**

On September 11, 2001, plaintiff injured his right knee while working as a cabin serviceman for United Airlines, Inc. ("United"). The parties agree that, as a result of his injury and perhaps due to a degenerative joint disease, plaintiff was eventually deemed unable to perform the duties of a cabin serviceman. *See* Exhs. 4 & 7 to Luppert Decl. (docket no. 21); Exh. 24 to Delaplaine Dep., Exh. 1 to Tift Decl. (docket no. 45). Plaintiff's employment with United ended when he was placed on layoff status effective July 22, 2003.

ORDER 1–

Exh. 9 to Luppert Decl. (docket no. 21).  Plaintiff had been advised via letter dated June 30, 2003, that, due to "significant business uncertainty" and based on his level of seniority, he could elect between (i) layoff with the right of recall and (ii) transfer to a station having permanent openings or junior employees subject to displacement.  *Id.*  Plaintiff opted for layoff, indicating on the form that transfer to Chicago, the only available option for a cabin serviceman position, was not viable in light of his permanent restrictions due to his knee injury.  *Id.*  Except for a two- to three-week period in 2006, plaintiff has not worked for any employer since exacerbating his knee injury in September 2002.  Delaplaine Decl. at 20-22, Exh. 1 to Tift Decl. (docket no. 45).

**Discussion**

Plaintiff brings this suit under the Washington Law Against Discrimination ("WLAD"), RCW Chapter 49.60.  The WLAD constitutes an exception to the general rule that an employer may terminate an employee for good cause, no cause, or even morally wrong cause; the statute prohibits discrimination in hiring or discharge on the basis of race, gender, disability, or other enumerated characteristic.  *McClarty v. Totem Elec.*, 157 Wn.2d 214, 221, 137 P.3d 844, 847 (2006).  Under the WLAD, a person with disability may present claims under two different theories: (i) disparate treatment; and (ii) failure to accommodate.  *Id.* at 221, 137 P.3d at 848; *see also* *Pulcino v. Fed. Express Corp.*, 141 Wn.2d 629, 640, 9 P.3d 787, 793 (2000).  Plaintiff here bases his action solely on United's alleged failure to accommodate.  *See* Complaint at ¶¶ 7-9, Exh. A to Notice of Removal (docket no. 1).

To prevail at trial, plaintiff must prove that he was "disabled" within the meaning of the WLAD and that United failed to meet its obligation to reasonably accommodate his disability.  *Pulcino*, 141 Wn.2d at 640, 9 P.3d at 793.  With respect to the issue whether plaintiff has a disability, the parties dispute which of two standards applies.  On July 6, 2006, the Washington Supreme Court adopted the definition of disability outlined in the Americans with Disabilities Act of 1990 ("ADA").  *McClarty*, 157 Wn.2d at 228, 137 P.3d at 851.  At

ORDER  2–

the time *McClarty* was decided, the WLAD did not define the term "disability." Id. at 222, 137 P.3d at 848. The Washington State Human Rights Commission ("HRC"), however, had promulgated a regulation stating that a "condition is a 'sensory, mental, or physical disability' if it is an abnormality and is a reason why the person having the condition did not get or keep the job in question." Id. at 223, 137 P.3d at 848 (quoting WAC 162-22-020). The Supreme Court concluded that the HRC's definition was circular and unworkable,[1] and rejected it in favor of the ADA's provision, which indicates that a disability is "a physical or mental impairment that substantially limits one or more of [the individual's] major life activities." Id. at 223-228, 137 P.3d at 849-51; see also 42 U.S.C. § 12102(2)(A).

The Washington legislature acted swiftly to indicate disagreement with the *McClarty* decision.[2] In May 2007, Senate Bill No. 5340 was approved, and was expressly made retroactive to all causes of action occurring before July 6, 2006 (the date of the *McClarty* decision), and to all causes of action occurring after the effective date of the act, July 22, 2007. Laws of 2007, ch. 317, § 3. Disability is now statutorily defined as "a sensory, mental, or physical impairment that: (i) Is medically cognizable or diagnosable; or (ii) Exists as a record or history; or (iii) Is perceived to exist whether or not it exists in fact." RCW

---

[1] Although perhaps circular, the HRC's definition was aimed at avoiding "a battlefield for conflicting definitions" of handicap or disability. *McClarty*, 157 Wn.2d at 246, 137 P.3d at 860 (Owens, J., dissenting). Instead of assessing whether a person falls within some abstract definition of handicapped or disabled, the HRC regulation focused on the issue whether "the worker has any 'sensory, mental, or physical' condition which the employer uses as a basis for rejecting him (or her) even though that individual may be perfectly capable of properly performing the work." Id. (quoting Attorney General Slade Gorton, Brief of Appellant at 44-45, *Chicago, Milwaukee, St. Paul & Pac. R.R. Co. v. Wash. State Human Rights Comm'n*, 87 Wn.2d 802, 557 P.2d 307 (1977) (No. 44105)).

[2] *See* Laws of 2007, ch. 317, § 1 ("The legislature finds that the supreme court, in its opinion in *McClarty v. Totem Electric* . . . , failed to recognize that the Law Against Discrimination affords to state residents protections that are wholly independent of those afforded by the federal Americans with Disabilities Act of 1990, and that the law against discrimination has provided such protections for many years prior to passage of the federal act.").

ORDER   3–

49.60.040(26)(a).  The new legislation clarifies that a disability may be temporary or permanent, need not limit the ability to work generally or at a particular job, and need not limit any other activity within the scope of the WLAD.  RCW 49.60.040(26)(b).

The new definition of disability further provides that, "for the purposes of qualifying for reasonable accommodation in employment," an impairment "must have a substantially limiting effect upon the individual's ability to perform his or her job."  RCW 49.60.040(d)(i).  In the alternative, an employee can prove his or her case by (i) showing that the employer was put "on notice of the existence of an impairment," and (ii) providing medical documentation that establishes "a reasonable likelihood that engaging in job functions without an accommodation would aggravate the impairment to the extent that it would create a substantially limiting effect."  RCW 49.60.040(26)(d)(ii).  Thus, unlike the ADA, the WLAD, as amended, does not require that a disability substantially limit a major life activity, but only that it substantially limit the ability to perform one's job, before a right to accommodation arises.

The parties disagree concerning exactly when plaintiff's cause of action accrued, but they do not dispute that it existed prior to the *McClarty* decision.  Moreover, the parties are in accord that, if the Court applies the new definition codified in RCW 49.60.020(26), plaintiff is "disabled" for purposes of the WLAD.  On the other hand, as indicated in its oral ruling, the Court concludes that, under the *McClarty* or ADA definition of disability, a genuine issue of material fact would preclude summary judgment in favor of either party.

United contends that the retroactivity clause of Senate Bill No. 5340 violates the separation of powers doctrine and is therefore unconstitutional.  The Court disagrees.[3]  A

---

[3] Pursuant to Fed. R. Civ. P. 5.1(b), the Court notified the Washington State Attorney General that a constitutional challenge has been raised in this matter.  Order dated Sep. 14, 2007 (docket no. 56).  The Court, however, need not wait for the 60-day intervention period to expire before ruling against United's position.  *See* Advisory Committee Notes to Fed. R. Civ. P. 5.1 ("The court may reject a constitutional challenge to a statute at any time.").

ORDER   4–

legislative amendment is presumed to operate prospectively unless (i) the legislature intended it to apply retroactively, (ii) the amendment is curative, or (iii) the amendment is remedial. *In re Stewart*, 115 Wn. App. 319, 332, 75 P.3d 521, 528 (2003).  Under the separation of powers doctrine, an amendment cannot be given retroactive effect if the new legislation contravenes a judicial decision that "authoritatively construes statutory language." *Id.* at 335, 75 P.3d at 529.  A statute does not, however, operate retroactively simply because a court applies it to a case involving conduct antedating its effective date; rather, the issue is whether the new law attaches "new legal ramifications to events completed before the statute's enactment." *In re Fox*, 138 Wn. App. 374, 389, 158 P.3d 69, 76 (2007).  "A statute that clarifies, rather than alters, a current law does not operate retroactively even when applied to transactions conducted before its enactment." *Id.*

Senate Bill No. 5340 does not actually contravene *McClarty*.  The legislature appears to have carefully selected the effective dates for the new definition of disability.  The initial draft of the legislation contained the following language: "This act is remedial and retroactive and shall apply to all claims which are not time barred, as well as all claims pending in any court or agency at the time of enactment." S.B. 5340, 60th Leg., Reg. Sess. § 3 (Wash. 2007), Exh. 1 to Tift Supp. Decl. (docket no. 62).  The parties agree that the original text of the bill would have been unconstitutional.  As passed, however, the legislative amendment was made applicable to cases arising before the *McClarty* decision, and to cases arising after the effective date of the legislation. Laws of 2007, ch. 317, § 3. Thus, cases arising between the date of the *McClarty* decision and July 22, 2007, are still governed by *McClarty*.

Moreover, Senate Bill No. 5340 does not attach new legal ramifications to pre-existing events.  In requiring proof that a disability substantially limits a major life activity, the *McClarty* Court did not interpret an existing Washington statute, but rather imported a definition from a different source, namely federal law.  As recognized in *McClarty*, until the

ORDER  5–

1  Supreme Court issued its decision in that case, the Washington legislature had "never found

2  it necessary to define the terms 'handicap' or 'disability.'" 157 Wn.2d at 222, 137 P.3d at

3  848. As noted by the dissent in *McClarty*, the legislature had known, since the passage of

4  the ADA, that the HRC's regulatory definition of disability was broader than under federal

5  law, and the legislature had "clearly acquiesced in the Commission's definition." *Id.* at 244,

6  137 P.3d at 859 (Owens, J., dissenting).

7       In addition, judicial opinions predating *McClarty* had applied, in the failure to

8  accommodate context, virtually the same definition eventually adopted by the legislature

9  after *McClarty*. *See, e.g.*, *Pulcino*, 141 Wn.2d at 641, 9 P.3d 794 ("an accommodation

10 claimant satisfies the 'handicap' element of his or her claim by proving that (1) he or she

11 has/had a sensory, mental, or physical abnormality and (2) such abnormality has/had a

12 substantially limiting effect upon the individual's ability to perform his or her job"). Indeed,

13 in *Pulcino*, the Washington Supreme Court specifically declined to adopt the ADA definition

14 of disability, observing that, unlike the WLAD, the ADA focuses on the duration of the

15 disability. *Id.* at 641 n.3, 9 P.3d at 794 n.3. Thus, at least with regard to a failure to

16 accommodate claim, like the one at issue here, RCW 49.60.040(26) simply returns matters to

17 their status pre-*McClarty*.

18      The Court therefore holds that the retroactive application of Senate Bill No. 5340

19 does not violate the separation of powers doctrine. *See Breeden v. Kaiser Alum. & Chem.*

20 *Corp.*, 2007 WL 1461290 (E.D. Wash.) (holding that Senate Bill No. 5340 applied

21 retroactively because it was predominantly remedial and did not affect a substantive or

22 vested right). As indicated in the Court's oral ruling, based on the definition of disability

23 codified in RCW 49.60.040(26), no genuine issue of material fact exists, and plaintiff is

24 entitled to partial summary judgment. The Court rules, as a matter of law, that plaintiff is

25 "disabled" within the meaning of the WLAD.

26

ORDER  6–

1   The Clerk is directed to send a copy of this Order to all counsel of record, as well as
2  to Maureen Hart, Solicitor General, Office of the Attorney General, P.O. Box 40100,
3  Olympia, Washington 98504-0100.
4   IT IS SO ORDERED.
5   DATED this 28th day of September, 2007.

Thomas S. Zilly
United States District Judge

ORDER - 7